An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RAUDEL RUIZ,
Appellant,
vs.
SEDGWICK CMS,
Respondent.

No. 61425

**FILED**

APR 2 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant Raudel Ruiz suffered an industrial injury that resulted in the amputation of one leg below the knee. As Ruiz could no longer perform the functions of his warehouse job, he was granted vocational rehabilitation benefits. Ruiz went through two vocational rehabilitation plan assessments in 2004 and 2007, before the 2010 program underlying this appeal was created. In 2010, Ruiz had a 60-day plan assessment period, during which he attended English as a Second Language (ESL) classes, tutoring, and computer skills courses. At the end of that assessment period, Ruiz's vocational rehabilitation counselor recommended a nine-month program that continued with ESL courses, GED preparation, and computer training, with the intention that Ruiz would subsequently secure an administrative assistant or office manager position. When this program was to commence, however, Ruiz, through his attorney, expressed concerns about the viability of the program and requested a new program that took into consideration Ruiz's low literacy levels and education. The vocational rehabilitation counselor and

14-13469

respondent Sedgwick CMS, the workers' compensation insurer, construed this request as a refusal to participate in the program, and terminated Ruiz's vocational rehabilitation benefits on that basis. On administrative appeal, the appeals officer also affirmed, finding that Ruiz refused to participate in the vocational rehabilitation program, allowing the insurer to properly terminate the benefits, and Ruiz was gainfully employed at the business his family owned. Ruiz filed a petition for judicial review, which the district court denied. This appeal followed.

On appeal, Ruiz argues, among other things, that the appeals officer abused her discretion by ignoring new physical restrictions limiting him to four hours of training per day, finding that he was gainfully employed when he was merely helping his wife at her business, and finding that he had rejected his vocational rehabilitation benefits. The insurer argues that substantial evidence supports the appeals officer's finding that Ruiz refused to participate in the program and that he was gainfully employed at the family business.

It is undisputed that Ruiz was entitled to vocational rehabilitation benefits after his industrial injury and that these benefits included training in another vocation. *See* NRS 616C.530(5) (explaining the insurer's priority to return an injured employee to work). In the vocational rehabilitation program at issue here, Ruiz was to attend class or training from 10 a.m. until 4:30 p.m. every weekday. Although a physician approved Ruiz's assessment period plan with a similar schedule, that approval came two months before the establishment of the nine-month program at issue. The record indicates that while this matter was pending before the appeals officer, Ruiz presented a physician's note restricting him to four hours of training at a time, which the appeals

officer did not address when she found that Ruiz had rejected a suitable program. We conclude that the appeals officer erred by not making findings as to whether the program was compatible with Ruiz's physical condition. *See* NRS 616C.555(1). Additionally, the appeals officer made no determinations as to the viability of Ruiz obtaining enough formal training or education during the nine-month program to return him to work. *See* NRS 616C.530(5). And because there were no findings that the program was appropriate in light of Ruiz's physical restrictions and the program's potential to return him to work, substantial evidence does not support the appeals officer's determination that Ruiz rejected a suitable program that was offered to him. *See* NAC 616C.601 (explaining the conditions under which vocational rehabilitation services may be suspended or terminated); *Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087 (2008) (explaining that this court reviews a workers' compensation decision for clear error or an abuse of discretion).

The appeals officer also determined that Ruiz was gainfully employed at his family's business, which provided another basis to terminate the vocational rehabilitation benefits. But the appeals officer made no findings about Ruiz's potential wages from that type of work and is not permitted to order self-employment for an injured employee. *See* NRS 616C.590(1)(c) (requiring that the injured employee be unable to return to gainful employment at a gross wage equal to or greater than 80-percent of his gross wages at the time of injury in order to qualify for vocational rehabilitation benefits); NRS 616C.600 (prohibiting an appeals officer from ordering self-employment). Moreover, the insurer's assertion that Ruiz was employed full-time is not supported by substantial evidence in the record, which shows that Ruiz was at the store inconsistently and

only for periods varying from three to six hours per day. *See Vredenburg,* 124 Nev. at 557, 188 P.3d at 1087 (defining substantial evidence). Therefore, we conclude that the appeals officer abused her discretion by finding that Ruiz was gainfully employed without certain findings about his potential wages and that substantial evidence does not support a finding that Ruiz was employed full-time at the family business. *See id.*

Accordingly, we reverse the district court's order denying judicial review and remand this matter to the district court with instructions to remand the case to the appeals officer for further proceedings consistent with this order.

It is so ORDERED.[1]

_____, J.
Parraguirre

_____, J.
Saitta

PICKERING, J., dissenting:

It is well settled that reviewing courts will not substitute their judgment for the appeals officer's decisions as to factual questions and the weight of the evidence. NRS 233B.135(3). The district court in this matter found that substantial evidence supported the appeals officer's decision to affirm the insurer's termination of vocational rehabilitation

---

[1]To the extent that appellant's arguments have not been expressly addressed in this order, we conclude that those arguments lack merit.

services for appellant and declined to substitute its judgment for the appeals officer, and thus, it found that there was no legal error or abuse of discretion. I agree with those conclusions, and therefore, I respectfully dissent.

_____, J.
Pickering

cc: Hon. Brent T. Adams, District Judge
Diaz & Galt, LLC/Reno
Guinasso Law, Ltd.
Washoe District Court Clerk